```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRANSAMERICA SHIP HOLDINGS, LTD. and U.S.      :
SHIPBROKERS, LLC,                              :
                                               :
                         Petitioners,          :    25-CV-2827 (JAV)
                                               :
           -v-                                 :    MEMORANDUM OPINION
                                               :    AND ORDER
MARINE CONTROL, INC., LARRY SINGH and          :
SURETY UNLIMITED SERVICES, INC.,               :
                                               :
                         Respondents.          :
                                               :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

On April 04, 2025, Petitioners Transamerica Ship Holdings, Ltd. ("Transamerica"), and U.S. Shipbrokers, LLC ("USS") filed a Petition to Confirm Arbitration. ECF No. 5 ("Petitioner's Mem. of Law") at 2. On April 18, 2025, the Court set a briefing schedule for (i) Transamerica and USS's submission of any additional materials in support of the Petition, (ii) the opposition papers of Respondents Marine Control, Inc., ("Marine Control"), Larry Singh ("Singh"), and Surety Unlimited Services, Inc. ("SUS"), and (iii) Transamerica and USS's reply. ECF No. 9. Transamerica and USS served Marine Control, Singh, and SUS with the Petition, supporting materials, and the briefing schedule. ECF Nos. 10-11. Pursuant to the briefing schedule, Marine Control, Singh, and SUS' opposition was due no later than May 09, 2025. ECF No. 9. To date, Marine Control, Singh, and SUS have neither responded to the petition nor otherwise sought relief from the Award.

Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208, which codifies the New York Convention, governs arbitration agreements involving foreign parties. *See, e.g.*, *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir 1997); *Albtelecom SH.A*

*v. UNIFI Communications, Inc.*, No. 16 CIV. 9001 (PAE), 2021 WL 1089982, at *2 (S.D.N.Y. Mar. 22, 2021). When a party seeks confirmation of an arbitral award under the New York Convention, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. The seven exclusive grounds upon which courts may refuse to recognize an award under the New York Convention are: (a) the parties to the agreement were under some incapacity, or the said agreement is not valid under the law; (b) the party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings; (c) the award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration; (d) the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties; (e) the award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made; (f) the subject matter of the difference is not capable of settlement by arbitration, or (g) recognition or enforcement of the award would be contrary to the public policy of the country in which enforcement or recognition is sought. *Yusuf Ahmed Alghanim & Sons*, 126 F.3d at 19l; *see also Encyclopaedia Universalis S.A. v. Encylcopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005).

"Given the strong public policy in favor of international arbitration, review of arbitral awards under the New York Convention is 'very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" *Encyclopaedia Universalis*, 403 F.3d at 90 (citations omitted) (quoting *Yusuf Ahmed Alghanim & Sons*, 126 F.3d at 23). "The party opposing enforcement of an arbitral award has

the burden to prove that one of the seven defenses under the New York Convention applies." *Encyclopaedia Universalis*, 403 F.3d at 90. "The burden is a heavy one, as the showing required to avoid summary confirmance is high." *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 405 (2d Cir. 2009) (cleaned up). "A barely colorable justification for the outcome reached" by the arbitrators is all that is required to confirm an award on a timely petition to confirm. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir.1992).

The confirmation of an arbitration award normally is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (cleaned up). But the Court must nonetheless treat a petition to confirm an arbitration award "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund*, 2013 WL 1703578, at *2.

Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair*, 462 F.3d at 110 (cleaned up). Accordingly, where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109–10 (cleaned up).

Applying these principles here, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the

outcome reached." *D.H. Blair & Co.*, 462 F.3d at 110.  Petitioners and Respondents entered into an Agreement of Purchase Sale wherein Respondents were to purchase a passenger cruise vessel called M/V BERAKAH sold by Petitioners (the "Agreement").  ECF No. 1 ("Petition to Confirm Arbitral Award"), ¶ 10.  Petitioners commenced arbitration pursuant to the Agreement, following Respondents' failure to pay $325,000.00 in accordance with two Promissory Notes under the Agreement.  *Id*., ¶¶ 11–12.

Both parties filed statements of claim and defense as well as supporting documentation, followed by an evidentiary hearing in New York on November 14, 2024.  *Id*., ¶ 13.  Closing submissions took place in January 2025.  *Id.,* ¶ 14.  Respondents argued unsuccessfully that the condition of the vessel had deteriorated to such an extent warranting nonpayment of the two Promissory Notes.  ECF. No. 6 ("Yaakov Decl.") at 8-9.  The arbitration panel found for Petitioners on March 24, 2025.  Yaakov Decl., Ex. B ("Arbitration Decision").  Respondents Marine Control and Singh were found jointly and severally liable under the first Promissory Note for $125,000 plus interest of 7% per annum accruing from July 28, 2023, until court confirmation of the Award.  *Id.*  Respondents SUS and Singh were found jointly and severally liable for $200,000, plus interest of 15% annually, accruing from October 9, 2023, and running through court confirmation of the Award.  *Id.*  Respondents Marine Control, SUS and Singh were also found jointly and severally liable for $15,000 in arbitral fees.  *Id.*  According to Petitioners, Respondents have not paid any of the awarded amounts and have indicated they will not do so.  Petition to Confirm Arbitral Award*,* ¶¶ 15–16.  After reviewing the petition and the supporting materials, the Court finds no indication that any of the seven grounds upon which a court may refuse to recognize an award apply to this case.

"The Second Circuit recognizes a presumption in favor of pre-judgment interest for arbitration awards." *Constr. Council 175, Util. Workers of Am., AFL-CIO v. New York Paving, Inc.*, 708 F. Supp. 3d 221, 233 (E.D.N.Y. 2023); *see also Waterside Ocean Nav. Co. v. Int'l Nav. Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984) (holding that federal courts have discretion to grant pre-judgment interest in cases arising under the New York Convention). "District courts have federal question jurisdiction over actions under the Convention, 9 U.S.C. § 203, and accordingly, the rate of post-award, pre-judgment interest assessed is a matter of federal law." *Sarhank Grp. v. Oracle Corp.*, No. 01-CV-1285 (DAB), 2004 WL 324881, at *4 (S.D.N.Y. Feb. 19, 2004). "There is no federal statute that purports to control the rate of prejudgment interest." *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000). Courts "considering an award of pre-judgment interest must select a rate that compensates for the award's diminution in value over time while not overcompensating the petitioner." *Trividia Health, Inc. v. Nipro Corp.*, No. 20-CV-8450 (VEC), 2022 WL 1744701, at *3 (S.D.N.Y. May 31, 2022). Additionally, the parties to the underlying contract set an interest rate that would apply during the pre-judgment period, "so long as those rates do not violate state usury or other applicable laws." *Westinghouse Credit Corp. v. D'Urso,* 371 F.3d 96, 101 (2d Cir. 2004).

The Arbitrator awarded post-award interest at 7% and 15% rates in accordance with rates set forth in the two Promissory Notes, respectively. The Court affirms the award of post-award prejudgment interest at 7% and 15% rates annually from the date of the Award through the date of judgment.

Finally, the Court grants Petitioners' request for post-judgment interest in accordance with 28 U.S.C. § 1961(a). Awards of post-judgment interest under section 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and apply to actions to

confirm arbitration awards, *see Westinghouse Credit Corp*, 371 F.3d at 100-01.  The Court therefore awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

Accordingly, IT IS ORDERED AND ADJUDGED that the **Petition** is GRANTED, the March 24, 2025 **arbitration award** is **confirmed**, and judgment is entered in favor of Petitioners and against Respondent as follows:

    1. **Confirming** the **Award** in all respects;

    2. **Awarding** Petitioners $125,000, plus $18,696.60 in pre-judgment interest at the rate of 7% per annum, for a total of $143,696.60, jointly and severally against Singh and Marine Control pursuant to the **Award**;

    3. **Awarding** Petitioners $200,000, plus $58,108.33 in pre-judgment interest at the rate of 7% per annum, for a total award of $258,108.33, jointly and severally against Singh and SUS pursuant to the **Award;**

    3. **Awarding** Petitioners $15,000 in arbitral fees and $160.40 in costs arising out of this proceeding, jointly and severally against all Respondents; and

    4. **Awarding** Petitioners post-judgment interest at the statutory rate.

    SO ORDERED.

Dated: September 15, 2025
      New York, New York

                                                        JEANNETTE A. VARGAS
                                                        United States District Judge